# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

**MARK SWIERCZ**                                                                         **PLAINTIFF**

**V.**                          **No. 3:23-CV-00213-ERE**

**KILOLO KIJAKAZI, Acting**
**Commissioner of Social Security**                                         **DEFENDANT**

## ORDER[1]

Plaintiff Mark Swiercz appeals the Social Security Administration Commissioner's final decision denying his application for disability benefits. For the reasons set out below, the Commissioner's decision is AFFIRMED.

**I.      Background**

On July 22, 2021, Mr. Swiercz protectively filed an application for benefits due to vision loss, right shoulder problems, partial deafness, a bad right hip and knee, prostate problems, a lower back injury, and a neck injury. *Tr. 48, 239.*

Mr. Swiercz's claim was denied initially and upon reconsideration. At Mr. Swiercz's request, an Administrative Law Judge ("ALJ") held a telephonic hearing on November 9, 2022, where Mr. Swiercz appeared with his lawyer, and the ALJ heard testimony from Mr. Swiercz and a vocational expert ("VE"). *Tr. 68-104.* The ALJ issued a decision on December 5, 2022, finding that Mr. Swiercz was not

---

[1] The parties consented in writing to the jurisdiction of a United States Magistrate Judge. *Doc. 7.*

1

disabled. *Tr. 45-67*. The Appeals Council denied Mr. Swiercz's request for review, making the ALJ's decision the Commissioner's final decision. *Tr. 1-7*.

Mr. Swiercz, who was forty-seven years old at the time of the hearing, graduated high school and has past relevant work experience as a deckhand, road-construction worker, janitor, home-health aid, material handler, and house repairer. *Tr. 73-7, 98*.

## II.     The ALJ's Decision[2]

The ALJ found that Mr. Swiercz had not engaged in substantial gainful activity since June 30, 2021, the alleged onset date. *Tr. 50*. The ALJ also concluded that Mr. Swiercz had the following severe impairments: borderline intellectual functioning; degenerative-joint disease of the right shoulder; lumbar spondylosis; entrapment of right and left ilioinguinal nerves; right hip bursitis; cervical-spine degenerative-disc disease; obesity; and neuropathy. *Tr. 50*. However, the ALJ concluded that Mr. Swiercz did not have an impairment or combination of impairments that met or equaled an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Tr. 51*.

---

[2] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. § 404.1520(a)-(g).

According to the ALJ, Mr. Swiercz had the residual functional capacity ("RFC") to perform light work, with the following limitations: (1) only occasional reaching overhead with the right upper extremity; (2) only occasional climbing of ramps and stairs but never climbing ladders, ropes, or scaffolds; (3) occasional balancing, stooping, kneeling, crouching, and crawling; (4) needs to wear a brace on the right knee; (5) only occasional work at unprotected heights, moving mechanical parts, and in vibration; (6) only simple work-related decisions; (7) concentration, persistence, and pace for simple tasks; (8) he can understand, carry out, and remember simple work instructions and procedures; (9) he can adapt to changes in the work setting that are simple, predictable, and easily explained; and (10) instructions are to be given face-to-face and/or by demonstration. *Tr. 53*.

In response to hypothetical questions incorporating the above limitations, the VE testified that a substantial number of potential jobs were available in the national economy, including silver wrapper and hotel housekeeper. *Tr. 61, 100*. Accordingly, the ALJ determined that Mr. Swiercz was not disabled.

### III. Discussion

#### A. Standard of Review

In this appeal, the Court must review the Commissioner's decision for legal error and determine whether the decision is supported by substantial evidence on the record as a whole. *Kraus v. Saul*, 988 F.3d 1019, 1024 (8th Cir. 2021).

"Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept as adequate to support a conclusion." *Id.* (cleaned up). The Court must consider not only evidence that supports the Commissioner's decision, but also evidence that supports a contrary outcome. *Milam v. Colvin*, 794 F.3d 978, 983 (8th Cir. 2015). The Court will not reverse the Commissioner's decision, however, "merely because substantial evidence exists for the opposite decision." *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) (citation omitted).

  B. **Mr. Swiercz's Arguments for Reversal.**

Mr. Swiercz contends that the Commissioner's decision is not supported by substantial evidence, because the ALJ erred in: (1) his treatment of the opinion evidence; (2) finding an RFC exceeding his ability; (3) not accounting for his borderline intelligence in the hypothetical questions to the VE; and (4) not clarifying an inconsistency between the Dictionary of Occupational Titles ("DOT") and the VE's testimony. *Doc. 9 at 25, 29, 34, 36*.

After carefully reviewing the record as a whole, I affirm the Commissioner.

  C. **Analysis**

    1. **Treatment Opinion Evidence.**

Mr. Swiercz asserts that the ALJ erred in evaluating the medical opinion of his treating physician, Dr. Kevin Diamond, which was set out in medical source statements. *Doc. 9 at 26*. Specifically, Mr. Swiercz contends that the ALJ failed to

4

properly address the supportability and consistency of Dr. Diamond's opinions. This argument is without merit.

The ALJ found that Dr. Diamond claimed that Mr. Swiercz had significant physical limitations, but his opinions were "based in large part on the claimant's subjective complaints." *Tr. 58*. The ALJ noted that examinations were typically "within normal limits," contrary to Dr. Diamond's more restrictive suggestions in the medical source statements. *Id.* Additionally, the ALJ concluded that Dr. Diamond's opinion that Mr. Swiercz "could 'never' perform any postural maneuvers . . . is inconsistent with his reported daily activities of washing dishes, doing laundry, preparing simple meals, and shopping." *Id.* The ALJ also addressed the inconsistency between Dr. Diamond's opinion that Mr. Swiercz could sit for less than two hours during a workday and Mr. Swiercz's testimony that he spends most of the day in a chair. *Tr. 59*.

The ALJ properly addressed Dr. Diamond's conclusions and explained his reasons for discounting them.

### 2. The RFC is Supported by the Record.

A claimant bears the burden of proving his RFC, which represents the most he can do despite the combined effects of his credible limitations. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001). "It is the ALJ's responsibility to determine a claimant's RFC based on all relevant evidence, including medical

5

records, observations of treating physicians and others, and claimant's own descriptions of his limitations." *Id*. Part of the RFC determination requires assessing a claimant's credibility regarding his subjective complaints.

The Court normally should defer to an ALJ's credibility determination. *Grindley v. Kijakazi*, 9 F.4th 622, 630 (8th Cir. 2021). An ALJ's brevity is not reversible error so long as the ALJ's reasoning allows for "appropriate judicial review." *Id*. When evaluating the credibility of a claimant's subjective complaints, an ALJ must consider the *Polaski* factors, which include "the claimant's prior work history; daily activities; duration, frequency, and intensity of pain; dosage, effectiveness and side effects of medication; precipitating and aggravating factors; and functional restrictions." *Halverson v. Astrue*, 600 F.3d 922, 931 (8th Cir. 2010) (quotation omitted) (citing *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984)). Also relevant is the absence of objective medical evidence supporting the claimant's subjective complaints, although the ALJ cannot discount a claimant's credibility based on this consideration alone. *Id*. at 932.

Mr. Swiercz contends that the RFC is not supported by the record because, "to perform light work, he must be able to stand and/or walk for long periods." Doc. 9 at 30. Mr. Swiercz cites several portions of the record to support his argument and asserts that "[t]aken as a whole, this history does not support the ALJ's finding that Swiercz could stand and/or walk long enough to perform light

6

work on a daily basis." *Id.* He also disagrees with the ALJ's restricting only his overhead reaching, rather than all reaching, handling, and fingering. *Id.* at 30-31.

The record supports the ALJ's finding, as evidenced by the few examples that follow. APRN Stephanie Duffel performed a consultative exam and concluded Mr. Swiercz had 4/5 strength in the right upper extremity, full strength in the left upper extremity, normal grip, and only mild to moderate limitations to walking. *Tr. 431-432*. The ALJ noted that "mild to moderate" was not defined by Nurse Duffel, but he believed it to be consistent with the ability to stand and/or walk for six hours of an eight-hour workday. *Tr. 58*. At office visits, Mr. Swiercz repeatedly had a steady gait. *Tr. 361, 365, 367, 388, 393, 446, 451, 471, 489*. At a May 26, 2022, appointment, Mr. Swiercz had "full strength throughout the upper & lower extremities" and no neurological deficits. *Tr. 505*. At that same appointment it was noted that a year earlier he had injections that completely took away his pain and he "just recently . . . started having pain again." *Tr. 507*. On July 5, 2022, Mr. Swiercz reported that his pain was being "managed with current medication regime" and that most of his treatment goals were being met. *Tr. 483*.

"Because the record supports two inconsistent conclusions, both of which are in the available zone of choice, the ALJ did not err in his determination." *Ross v. O'Malley*, No. 22-3126, 2024 WL 565472, at *2 (8th Cir. Feb. 13, 2024).

7

Mr. Swiercz argues that limiting him to simple work did not adequately account for his moderate difficulties in concentration, persistence, and pace. *Doc. 9 at 31*. The Eighth Circuit has held otherwise: "Moderate difficulties [with concentration, persistence, and pace] are consistent with being able to understand, remember, and carry out simple instructions while performing non-detailed tasks." *Chismarich v. Berryhill*, 888 F.3d 978, 980 (8th Cir. 2018).

A court "may neither pick nits nor accept an appellant's invitation to rely upon perceived inconsistencies." *Chismarich v. Berryhill*, 888 F.3d 978, 980 (8th Cir. 2018). "The standard for substantial evidence is not high," and the ALJ's RFC finding, based on the entire record, is supported by substantial evidence.

### 3. Hypothetical Questions

Mr. Swiercz argues that the ALJ's hypothetical questions did not account for his borderline intelligence, specifically his illiteracy. *Doc. 9 at 34, 35*.

The ALJ's hypothetical limited Mr. Swiercz's non-exertional factors to simple work-related decisions; concentration, persistence, and pace for simple tasks; simple work instructions and procedures; work-place changes in the work setting that are simple, predictable, and easily explained; and face-to-face instructions or instructions by demonstration. *Tr. 99*.

An ALJ's RFC and hypothetical only needs to include all credible limitations the ALJ finds are established by the evidence. *Buckner v. Astrue*, 646

F.3d 549, 560 (8th Cir. 2011). The non-exertional limitations clearly account for Mr. Swiercz's borderline intelligence. Additionally, his illiteracy is addressed by the fact that instructions must be either face-to-face or by demonstration. Mr. Swiercz's attorney, in follow-up questioning, raised the illiteracy issue and the VE testified that this would not be a problem for the silver wrapping or housekeeping jobs. *Tr. 101-102*.

The hypothetical reflected the limitations which the ALJ found to be credible and was supported by the medical evidence as a whole.

### 4.   Conflicts Between Testimony and DOT

Mr. Swiercz correctly points out that the ALJ had a duty to get a VE to resolve any conflicts between the VE's testimony and the DOT. *Kemp ex rel. Kemp v. Colvin*, 743 F.3d 630, 633 (8th Cir. 2014). The ALJ also had a duty to explain the clarification in his ruling. *Id.*

At the hearing, the ALJ and VE discussed the fact that the DOT does not explain directional reaching. *Tr. 100-101*. The VE testified that based on her experience doing "job placement since the 1980's" and her observations, "most reaching overhead is not done at the light or sedentary level." *Tr. 101*. This testimony is consistent with the jobs the ALJ eventually found Mr. Swiercz could perform. If Mr. Swiercz's lawyer believed this explanation was inadequate, she

9

could have questioned the VE about it. Instead, she inquired only about limitations related to an employee's limited abilities to read or right. *Tr. 101-102*.

While some courts in this Circuit have reversed an ALJ for failing to resolve a reaching conflict, those cases are distinguishable because the VE, in those cases, either did not address the conflict or gave a one-word response.[3] In this case, however: (1) the ALJ recognized the conflict; (2) asked the VE about the conflict; (3) the VE explained the conflict adequately; and (4) the ALJ addressed the issue in his opinion. *Tr. 61, 100-101*. Substantial evidence in the record supports the ALJ's conclusion that Mr. Swiercz's overhead work limitation does not prevent him from performing the duties of a silver wrapper or hotel housekeeper.

## IV. Conclusion

The ALJ applied proper legal standards in evaluating Mr. Swiercz's claims, and substantial evidence supports the decision to deny benefits.

IT IS THEREFORE ORDERED that Commissioner's decision is affirmed and judgment will be entered in favor of the Commissioner.

Dated 27 February 2024.

_____
UNITED STATES MAGISTRATE JUDGE

---

[3] See *Moore v. Colvin*, 769 F.3d 987, 989-90 (8th Cir. 2014); *Kemp ex rel. Kemp v. Colvin*, 743 F.3d 630, 633 (8th Cir. 2014); *Coates v. Colvin*, No. 14–0843–ODS, 2015 WL 4610991, at *2 (W.D. Mo. July 30, 2015) (finding that ALJ had erred in failing to "obtain an explanation for" a conflict between the vocational expert's testimony and the DOT).